150 So. 1

**STATE, in Interest of OSWALD.**

No. 31919.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Thomas W. Robertson and Chandler Furman, both of Shreveport, for appellant.

Bryan E. Bush, of Shreveport, for appellee.

LAND, Justice.

On May 3, 1932, Mrs. Bessie Lane, probation officer of the juvenile court for Pulaski county, Ark., presented a petition to the juvenile court for the parish of Caddo, alleging that Shirley Jean Oswald, a minor under the age of 17 years, is a ward of the juvenile court for Pulaski county, Ark., and was then in the custody of Mrs. Lucille Bayne Oswald, "who has no legal right to said person and who is not a proper person to care for her."

Mrs. Lucille Bayne Oswald, defendant, excepted to the jurisdiction of the juvenile court for the parish of Caddo to entertain this proceeding. This exception was overruled. The case was then tried by the judge of the juvenile court, and a decree was entered declaring the minor to be a neglected child and a ward of the juvenile court for Pulaski county, Ark., and ordering the minor to be taken from the custody of Mrs. Lucille Bayne Oswald and delivered to the juvenile court for Pulaski county.

From this judgment, defendant has appealed.

On January 13, 1932, the chancery court for Pulaski county, Ark., rendered a decree of divorce in favor of Clara Lucille Oswald (the same person as Lucille Bayne Oswald), defendant herein.

In this decree it is stated: "The court further finds that it is for the best interests of the child in question, which had been previously adopted by plaintiff and defendant, that it be left in the custody of Mrs. Minnie Oswald where it has been placed by the Pro-

bation Officers as a ward of the Pulaski County Juvenile Court.

"The court doth further find that the plaintiff, Clara Lucille Oswald, is a person unfit for the care and custody of the child, and the permanent custody, care, and control of Shirley Jean Oswald is hereby decreed and given to Mrs. Minnie Oswald."

The decree of the chancery court for Pulaski county, Ark., upon the authority of which the probation officer of the juvenile court of that county instituted the present proceeding, is a final judgment fixing the status of the minor, Shirley Jean Oswald, as a ward of the Pulaski county juvenile court, and designating her paternal grandmother as her permanent custodian. This decree also fixes definitively the status of Mrs. Clara Lucille Oswald (Lucille Bayne Oswald) as a person unfit for the care, custody, and control of the minor. As these issues have been finally foreclosed by this decree, the juvenile court for Caddo parish is without jurisdiction to reopen the case and to redetermine them.

The case presented is simply that of a child alleged to be illegally in the custody of a person who has been deprived of that custody by the final judgment of a court of another state. In such a case the district courts, and not the juvenile courts, of this state have jurisdiction, and the proper proceeding is by writ of habeas corpus in the former courts.

It is therefore ordered that the plea to the jurisdiction of the juvenile court for the parish of Caddo be sustained; that the judgment appealed from be annulled and reversed; and that this proceeding be dismissed.